**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 08-1047

_____

MARCELLIN W. DJOUMGOUE,

              Petitioner,

     v.

MICHAEL B. MUKASEY, Attorney General of the United States,

              Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted:  July 31, 2008          Decided:  August 25, 2008

_____

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Ana T. Jacobs, ANA T. JACOBS & ASSOCIATES, P.C., Washington, D.C.,
for Petitioner.  Gregory G. Katsas, Assistant Attorney General,
John S. Hogan, Senior Litigation Counsel, Jaesa Woods McLin, Office
of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcellin W. Djoumgoue, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Djoumgoue claims the Board erred in adopting the immigration judge's adverse credibility finding. He also claims he submitted substantial evidence entitling him to asylum. In addition, Djoumgoue challenges the Board's denial of his motion to file a brief out of time and his subsequent motion for reconsideration of the denial. Finding no error, we deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

- 2 -

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006) (citing 8 C.F.R. § 1208.13(a) (2008)), and can establish refugee status based on past persecution in his native country on account of a protected ground.  8 C.F.R. § 1208.13(b)(1).  "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).  Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground.  Id. at 187.  The well-founded fear standard contains both a subjective and an objective component.  The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution.  Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006).  "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution. . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks, alterations, and citations omitted).

Credibility findings are reviewed for substantial evidence.  A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for

- 3 -

doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks and citations omitted). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see also Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We find substantial evidence supports the immigration judge's adverse credibility finding. The immigration judge provided specific and cogent reasons for finding Djoumgoue not credible and the record does not compel a different result.

- 4 -

We further find no abuse of discretion in the Board's order denying Djoumgoue's request to file a brief out of time. Insofar as he claimed he was denied due process, we find he failed to establish any prejudice. See Rusu, 296 F.3d at 324; Farrokhi v. INS, 900 F.2d 697, 703 n.7 (4th Cir. 1990). Despite Djoumgoue's failure to file a timely brief, the Board reviewed the merits of the appeal. Djoumgoue failed to indicate what issues were ignored because the Board did not have his brief.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED